**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TLX Incorporated, | No. CV-19-04734-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| JetBlue Airways Corporation, | |
| Defendant. | |

Pending before the Court are Defendant JetBlue Airways Corporation's ("JetBlue") Motion to Dismiss Plaintiff's Complaint, (Doc. 21, "Mot."), and Plaintiff TLX Incorporated's ("TLX") Motion for Leave to File Sur-Response to Defendant's Motion to Dismiss, (Doc. 30). Defendant requested oral argument on its Motion to Dismiss, but the Court elects to resolve that Motion without it. *See* LRCiv 7.2(f). The Court has considered the pleadings, (*see* Docs. 21, 25, 26, 30, 31, 32), and denies both Motions as explained below.

## I. BACKGROUND[1]

This case concerns purported violations relating to an "October 22, 2010 Mutual Non-Disclosure Agreement" ("NDA") executed between TLX and JetBlue. (*See generally* Doc. 1, "Compl." ¶¶ 4-22.) The parties executed the NDA before TLX bid in response to JetBlue's request for proposal ("RFP") related to airline crew reservation needs. (*Id.* ¶¶ 14-15.) Among other things, the NDA protects TLX's software pertaining to an automated

---
[1] The Court accepts the Complaint's well-pleaded allegations as true. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

process of booking hotel accommodations and ground transportation for crew members when airline carriers modify their flight schedules. (*Id.* ¶ 4.)

The Complaint alleges "JetBlue breached the NDA by turning TLX's bid response over to one of its direct competitors." (*Id.* ¶ 25.) It further alleges JetBlue provided TLX's confidential information to a direct competitor "in order to allow [that] competitor an (unfair) advantage during the JetBlue RFP process" and that "[t]hese actions also interfered with TLX's other current and potential client relationships." (*Id.* ¶ 33.) Based on these allegations, *inter alia*, TLX brings three claims: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) unfair competition. (*Id.* ¶¶ 23-35.) Defendant moves to dismiss each claim under Federal Rule of Civil Procedure 12(b)(6). (Mot. at 1.)

## II.  LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint

pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

### III. DISCUSSION
#### A. The Complaint Adequately Alleges Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing Claims.[2]

A breach of contract claim under Arizona law requires that a plaintiff show (1) a contract, (2) a breach, and (3) damages. *Sonoran Res. LLC v. Oroco Res. Corp.*, No. CV-13-01266-PHX-DGC, 2014 WL 2605363, at *2 (D. Ariz. June 11, 2014). Defendant argues the Complaint inadequately alleges breach of contract or breach of the implied covenant of good faith and fair dealing because it fails to allege the specific terms of the NDA that Defendant violated. (Mot. at 3.) Defendant's contention that the Complaint only "generally alleges that Defendant 'violated three sections of the NDA,'" however, ignores the fact that Plaintiff attached the NDA to the Complaint, (*see generally* Compl. at 9-11), and the Complaint itself references three specific sections of the NDA that JetBlue violated, (*see id.* ¶¶ 16, 21, 23, 28). Consequently, Defendant's first argument does not support dismissal of either claim when considering the Complaint and its attachments in their entirety.

Defendant next argues both claims should be dismissed because the Complaint fails to identify JetBlue's alleged representative who disclosed Plaintiff's protected information to a direct competitor. (Mot. at 2.) Defendant argues this information is needed to determine if all necessary parties have been joined, (*id.* at 3-4), but cites no case law for the proposition that its employee or representative must be specifically named in the Complaint rather than identified through discovery. The Court does not find this unsupported argument persuasive either.

In its final challenge to each claim's sufficiency, Defendant argues each should be dismissed because the Complaint alleges only when Plaintiff *discovered* the breach, not when it actually occurred. (*Id.* at 4.) In support, Defendant cites to how the Complaint

---
[2] Defendant argues the breach of contract and breach of the implied covenant of good faith and fair dealing claims should be dismissed for the same reasons. (*See generally* Mot. at 3-4.)

- 3 -

alleges that "[o]n December 1, 2017, TLX discovered that JetBlue violated three sections of the NDA." (*Id.* (citing Compl. ¶ 21).) However, Defendant again cites no case law requiring that Plaintiff identify the alleged breach's specific date, especially in a situation like here, where a party discovers the breach long after it occurred. The Court is satisfied that Defendant has adequate notice of the claims against it, even without the specific date of breach, because the day it occurred is limited to a sometime between when the parties executed the NDA and when Plaintiff discovered it. *See Twombly*, 550 U.S. at 555.

In conclusion, the Court disagrees with Defendant's narrow reading of the Complaint and likewise rejects its unsupported requests for additional, unnecessary factual allegations at this stage. To the contrary, the Court finds both claims adequately alleged when considering the Complaint and its attachments in their entirety. *See Twombly*, 550 U.S. at 555. Accordingly, Defendant's Motion as it relates to the first two claims is denied.

### B. The Unfair Competition Claim is Not Preempted by Arizona's Uniform Trade Secrets Act.

Defendant next argues the unfair competition claim is preempted by Arizona's Uniform Trade Secrets Acts (AUTSA) because it is based on an alleged misappropriation of trade secrets. (Mot. at 5 (citing *Orca Commc'ns Unlimited, LLC v. Noder*, 236 Ariz. 180, 181, 337 P.3d 545 (2014).) As a preliminary matter, Defendant correctly highlights that the Arizona Supreme Court held that "Arizona's Uniform Trade Secrets Act ("AUTSA"), A.R.S. §§ 44–401 to –407, creates an exclusive cause of action—and displaces conflicting causes of action—for claims *based on the misappropriation of trade secrets*." *Orca*, 236 Ariz. at 181 (emphasis added). However, the Arizona Supreme Court further held, in the following sentence, that "AUTSA does not displace common-law claims based on alleged misappropriation of confidential information that is not a trade secret." *Id.* The Court finds this second sentence particularly relevant here.

In other words, although the Complaint refers to Plaintiff's trade secrets that Defendant allegedly disclosed in violation of the NDA, it also mentions confidential information. (*See, e.g.*, Compl. ¶¶ 7, 8, 11, 12, 13, 18, 20.) Even further, the NDA provides a nonexclusive list of protected materials that "includes, *but is not limited to*, trade secrets,

systems, software and hardware . . . ." (*Id.* ¶ 16) (emphasis added). Based on these allegations and the NDA's expansive scope of protection, it is unlikely that Plaintiff's unfair competition claim encompasses *only* trade secret misappropriations. Indeed, Plaintiff even argues its unfair competition claim is not based on trade secrets, but on JetBlue's decision to give TLX's direct competitor an unfair advantage by releasing TLX's confidential and proprietary bid to the direct competitor. (Doc. 25 at 2.) While AUTSA would preempt Plaintiff's unfair competition claim insofar as it is based solely on trade secret misappropriation, the Plaintiff's disclosed "bid" or other information at issue does not appear to fall within AUTSA's very specific definition of a "trade secret." *See Orca*, 236 Ariz. at 182.[3] Since this is the case, the unfair competition claim is not preempted. *See id.* at 183; *see also Joshua David Mellberg LLC v. Will*, 96 F.Supp.3d 953, 963 (D. Ariz. 2015) (permitting plaintiffs to amend unfair competition claim to include misappropriation of confidential information that is not a trade secret to avoid preemption by AUTSA).

Accordingly, the Court finds that the Complaint adequately alleges an unfair competition claim that is not preempted by AUTSA because the claim, as currently alleged, is not based on misappropriation of trade secrets. *Orca*, 236 Ariz. at 181.

### C. Motion for Leave to File Sur-Response

Plaintiff requests leave to file a sur-response to Defendant's Motion to Dismiss to provide testimony by JetBlue's in-house counsel that allegedly contradicts the Motion. (Doc. 30 at 1.) However, even if Plaintiff's claim were true, such information would not help the Court decide Defendant's Motion because it may not ordinarily consider evidence outside the pleadings when ruling on a motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003) ("When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment and it must give the

---

[3] Section 44-401 defines "trade secret" as "information, including a formula, pattern, compilation, program, device, method, technique or process that both: (a) [d]erives independent economic value, actual or potential, from not being known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use[] [and] (b) [i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy." A.R.S. § 44-401(4).

nonmoving party an opportunity to respond."). Because the Court is unwilling to convert the Motion at issue here into one for summary judgment, Plaintiff's request is denied.

### IV. CONCLUSION

The Complaint alleges sufficient factual details to state a claim for breach of contract and breach of the implied covenant of good faith and fair dealing. Moreover, the Court finds that the unfair competition claim, as alleged, is not preempted by AUTSA.

Accordingly,

**IT IS ORDERED** denying Defendant's Motion to Dismiss Plaintiff's Complaint, (Doc. 21), and Plaintiff's Motion for Leave to File Sur-Response to Defendant's Motion to Dismiss, (Doc. 30).

Dated this 22nd day of January 2020.

Honorable Susan M. Brnovich
United States District Judge