**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TLX Incorporated, | No. CV-19-04734-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| JetBlue Airways Corporation, | |
| Defendant. | |

Pending before the Court is Plaintiff TLX, Inc.'s ("TLX") Motion for Order to Show Cause RE: Contempt Against Accommodations Plus International ("API"). (Doc. 112.) Intervenor and non-party API filed a Response, (Doc. 158), and TLX filed a Reply, (Doc. 162). The Court heard oral argument on February 10, 2022. After considering the pleadings, arguments, and relevant law, the Court will deny Plaintiff's Motion.

**I.    BACKGROUND**

After initiating its lawsuit against JetBlue Airways Corp. ("JetBlue"), TLX sought documents relevant to the litigation through API, a third-party company with which TLX has previously litigated and entered into a settlement agreement. (Doc. 112 at 2.) TLX issued a subpoena to API seeking such documents on October 5, 2020. (*Id.*) After API eventually agreed to produce documents in response to the subpoena, TLX proposed search terms that it believed would yield documents that API had produced previously in litigation between the two parties. (*Id.* at 3.) TLX and API then agreed to limit the search terms further in order to produce more relevant results. (*Id.*) The search terms produced 75

1    documents, but instead of producing all of them, API produced three emails. (*Id.*) After
2    the production, in response to inquiries from TLX, API admitted that it no longer had
3    certain servers that TLX requested to be searched. (*Id.* at 4.) API stated that it had "no
4    obligation to preserve the decommissioned servers." (*Id.*)
5         However, API was able to locate the documents sought by TLX from API's former
6    counsel, Gallagher & Kennedy. (Doc. 158 at 6.) Then, on January 21, 2022, well over two
7    months after TLX filed the instant motion, API produced 250 pages of emails that API
8    purportedly obtained from Gallagher & Kennedy that were disclosed in the previous
9    litigation between TLX and API. (Doc. 162 at 2.)
10        Despite API's eventual compliance with the subpoena, TLX seeks a Court order
11   holding TLX in contempt, ordering API to turn over backup tapes of the servers to TLX
12   for additional searches, and to award TLX its attorney's fees for being forced to bring these
13   issues before the Court. (Doc. 162 at 5.) At oral argument, API argued that it should not
14   be held in contempt and that the backup tapes do not exist.

15   **II.    ANALYSIS**

16        Under Rule 45(g), a court "may hold in contempt a person who, having been served,
17   fails without adequate excuse to obey a subpoena or order related to it. Fed. R. Civ. P.
18   45(g). When considering contempt, "[t]he moving party has the burden of showing by
19   clear and convincing evidence that the contemnors violated a specific and definite order of
20   the court. The burden then shifts to the contemnors to demonstrate why they were unable
21   to comply." *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting
22   *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 n. 9 (9th Cir. 1992)).
23        API argues that Plaintiff cannot show that they violated the October 5, 2020
24   subpoena because, after the parties settled their litigation, API had no duty to preserve
25   documents related to that litigation. (Doc. 158 at 7.) Further, it argues that it did, in fact,
26   satisfy its obligation to respond to the subpoena. (Doc. 158 at 9.)
27        TLX continues to request that the Court hold API in contempt, arguing that before
28   filing the instant motion, TLX asked API if they had searched the backup tapes and servers

for relevant documents and API responded that that it no longer had the referenced servers. (Doc. 162 at 3.) TLX argues that API misled it because it later located the backup tapes—after TLX filed the instant motion—and produced relevant documents. (*Id.*) TLX also argues that "[g]iven API's continued litigation conduct and obstructionist tactics, the Court should not believe API's unverified, unsworn claims that it has located everything pertinent to this dispute on its backup tapes." (*Id.* at 5.) Thus, TLX requests that the Court order API to produce the backup tapes so that TLX can conduct its own independent analysis. (*Id.*)

"A duty to preserve information arises when a party knows or reasonably should know that the information is relevant to pending or future litigation. *Pettit v. Smith*, 45 F. Supp. 3d 1099, 1105 (D. Ariz. 2014). "[T]he general rule is that there is no duty to preserve possible evidence for another party to aid that other party in some future legal action against a third party." *Id.* at 1006 (quoting *Wilson v. Beloit Corp.*, 921 F.2d 765, 767 (8th Cir. 1990)); *Encompass Ins. Co. v. AMCO Ins. Co.*, No. CV-19-05198-PHX-DLR, 2020 WL 2395164, at *2 n. 2 (D. Ariz. May 12, 2020) ("the duty to preserve evidence applies to litigants, not to non-parties"). Thus, third parties who are not involved in a case do not typically have an obligation to preserve documents. Courts in this district have held third parties responsible for failing to preserve documents, but those cases were limited to specific scenarios where the third-party was not disinterested. *See id.* (finding that the Arizona Department of Corrections was not a disinterested third party and had a duty to preserve evidence when the State of Arizona was a defendant); *Woods v. Scissons*, No. CV-17-08038-PCT-GMS, 2019 WL 3816727, at *4 (D. Ariz. Aug. 14, 2019) (finding that the Prescott Police Department, as an agent of defendant City of Prescott, had a duty to preserve evidence where it was not a disinterested third party). Thus, third parties who are not a party of the litigation only have a duty to preserve evidence for litigation between other parties in limited circumstances.

Here, API is nothing more than a disinterested third party with no duty to preserve evidence for TLX or JetBlue. The situation here is much different than that in *Pettit* and

*Woods* where the third party was an agent of the governmental entity that was being sued. API is a separate, distinct company from JetBlue, the defendant in the case. Although TLX contends that API is trying to protect JetBlue, its longtime client, (*see* Doc. 112 at 5), these mere contentions are not enough to show that API is disinterested. Accordingly, the Court finds that API did not have a duty to preserve evidence as a non-party to this litigation.

API is not a party to this litigation and made diligent efforts to locate and search for the documents requested by TLX. (Doc. 158 at 2–3.) Although API did not have an obligation to preserve the requested documents, they later were able to produce the requested documents by procuring the documents from API's prior counsel. (Doc. 158 at 2–3.) Therefore, the Court declines to hold API in contempt. Additionally, considering that API had to get the documents from prior counsel and there is no evidence that any back up tapes still exist, the Court will not order API to turn over the back tapes for an independent search by TLX.

### III.  CONCLUSION

Accordingly,

**IT IS ORDERED** denying Plaintiff's Motion for Order to Show Cause RE: Contempt Against API. (Doc. 112.)

Dated this 22nd day of February, 2022.

Honorable Susan M. Brnovich
United States District Judge